United States District Court
Southern District of Texas
**ENTERED**
May 04, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TAMMIE GALVESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-21-4000 |
| | § | |
| DELTA AIR LINES, INC., G2 SECURE | § | |
| STAFF, LLC, and JOHN DOE (unidentified | § | |
| employees of Delta Air Lines, Inc., and G2 | § | |
| Secure Staff, LLC), | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Tammie Galveston fell while boarding a Delta Air Lines plane, after a staffing company employee pushed her in a wheelchair to the aircraft gate. She sued Delta Air Lines, Air Serv Corporation, and unidentified employees of both companies in state court. (Docket Entry No. 1-1). Delta removed based on diversity jurisdiction. (Docket Entry No. 1). After removal, Galveston learned that G2 Secure Staff, not Air Serv Corporation, had provided her wheelchair services on the day of the accident. Galveston filed an unopposed motion to amend her complaint to dismiss her claims against Air Serv and bring those same claims against G2. (Docket Entry No. 11). The court granted that motion. (Docket Entry No. 14). Some time later, Galveston retained new counsel, who asked for leave to file a motion to remand because G2 was not diverse. With the court's permission, Galveston filed that motion, which the defendants oppose. (*See* Docket Entry Nos. 32, 35–38).

"[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." *Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020). The defendants do not dispute that some of G2's members are Texas citizens, but that two reasons support denying the motion to remand. First, the defendants argue that the forum-

defendant rule does not bar this court's subject-matter jurisdiction.  Second, the defendants argue that because G2 is improperly joined, its citizenship should be disregarded and it should be dismissed.  (Docket Entry No. 35 at 5–6).

While the court concludes that the forum-defendant rule is inapplicable to this case, G2 may be improperly joined; however, the defendants have not shown improper joinder on the present record.  Because the issue may be clarified by Galveston's deposition, the court denies Galveston's motion, without prejudice.  Galveston must renew her motion by May 19, 2023.  The reasons are as follows.

## I.     Analysis

### A.     The Forum-Defendant Rule

An action may be removed to the federal district court on the basis of diversity if the federal court could have originally taken jurisdiction over the case at the time of removal.  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1332(a).  Subsection (b)(2) of the removal statute imposes conditions beyond the requirement of complete diversity provided in 28 U.S.C. § 1332(a).  28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  As the Fifth Circuit explained:

> The first sentence of 28 U.S.C. § 1441(b) provides that any civil action filed in state court, over which the federal district court would have original jurisdiction, may be removed to federal court. The second sentence, the portion of § 1441(b) at issue, however, provides that removal based on diversity jurisdiction is permitted only if "none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added). This portion is often referred to as the "forum-defendant rule."

*In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).  A completely diverse defendant who is a citizen of the forum state may not remove an action, even if the plaintiff could have originally brought that action in federal court.

The *Exxon* court affirmed that the forum-defendant rule is procedural and does not affect subject-matter jurisdiction.  *Id.* at 393–94.  Because the forum-defendant rule is not jurisdictional, it may be waived by a plaintiff's belated motion to remand.  *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *see also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").  Here, the parties agree that G2 is a citizen of Texas.  If Galveston's complaint otherwise satisfies diversity jurisdiction, G2 could not remove under 28 U.S.C. § 1442(b)(2).  If G2 did so despite 1442(b)(2), and Galveston did not seek remand within 30 days, this court has jurisdiction.

The parties do not address the fact that G2 had not been joined when this case was removed. The Fifth Circuit has approved of "snap removals," where a non-forum defendant removes the case before service of any forum defendant.  *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state.").  The Fifth Circuit's opinion in *Texas Brine* supports the conclusion that the forum-defendant rule did not bar removal of this action, because G2 had not been joined, much less served, at the time of removal.

Nevertheless, because both Galveston and G2 are Texas citizens, this court lacks subject-matter jurisdiction.  As 28 U.S.C. § 1447(c) makes clear, there is no time limit on a motion to

3

remand for lack of subject-matter jurisdiction.  The forum-defendant rule does not require that the court deny Galveston's motion.

### B.      Improper Joinder of G2

The defendants also argue that G2 is improperly joined.  "[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant."  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

> Improper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court."  The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no reasonable basis for [predicting recovery] against an in-state defendant."  To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (footnotes and citations omitted). The defendants argue that Galveston's complaint does not state a plausible basis for recovery from G2.

Under Texas law, a claim for negligence consists of "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach."  *City of Austin v. Lopez*, 632 S.W.3d 200, 210 (Tex. App.—Austin 2021, pet. denied) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)).  "The existence of a duty is a question of law."  *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).  A duty arises "from the facts surrounding the occurrence in question."  *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005).  The defendants argue that Galveston "makes no allegations regarding what duties G2 owed her, how such duties were purportedly breached, or how there is a causal connection between such breach and Plaintiff's alleged injuries."  (Docket Entry No. 35 at 7).  The defendants argue that Galveston's allegations

do not "specify whether it was an employee of Delta or G2 who purportedly dropped Plaintiff" or state that there were "G2 employees present at the time of the incident." (*Id.* at 8).

It is true that the allegations in the amended complaint are nothing if not "short and plain." FED. R. CIV. P. 8(a)(2). Galveston alleges that on April 3, 2021, she "sustained permanent, serious injuries when Defendants dropped [her] while transferring her on to a Delta Airlines flight by wheelchair." (Docket Entry No. 15 ¶¶ 6, 7). G2 acknowledges that it provided wheelchair services to Galveston, and Delta acknowledges that Galveston was injured while boarding one of its planes. Given that the incident allegedly occurred during Galveston's "transfer[]," it makes sense for Galveston to level allegations against the "defendants," because the transfer presumably was from one defendant to the other. Viewed in the light most favorable to Galveston, the complaint plausibly alleges that both defendants owed Galveston a duty of care in getting her into the aircraft and that they violated this duty by dropping her. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The cases the defendants cite, (Docket Entry No. 35 at 8–9), are distinguishable. Some concern multiple claims against multiple defendants, creating ambiguities absent from Galveston's amended complaint. *See Chyba v. EMC Mortg. Corp.*, 450 F. App'x 404, 405 (5th Cir. 2011) (per curiam), (self-representing plaintiff asserted various claims related to delinquent loans without distinguishing between at least nine defendants); *Rowland v. Sw. Corr.*, LLC, No. 4:20-cv-847, 2021 WL 4206409, at \*13 (E.D. Tex. Aug. 17, 2021) (plaintiff's group pleading did not provide the court with the means to make out valid claims), *report and recommendation adopted*, No. 4:20-cv-847, 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021). Other cases concern situations in which liability was clearly precluded as a matter of law. *See, e.g.*, *Butler v. ENSCO Intercontinental*

*GmbH*, No. 4:16-cv-578, 2017 WL 496073, at *6 (S.D. Tex. Feb. 7, 2017) (dismissing the claim because a Jones Act plaintiff may recover only against his employer and uncontested facts showed that the defendant was not the employer).  The defendants also cite a case involving fraud-based claims, for which there is a heightened pleading standard that does not apply here.  *See SCHST, Inc. v. Arthur J. Gallagher & Co.*, No. 4:21-cv-2935, 2022 WL 4022054, at *9 (S.D. Tex. Aug. 23, 2022), *report and recommendation adopted sub nom. SCHST, Inc. v. Certain Underwriters at Lloyd's, London*, No. 4:21-cv-2935, 2022 WL 4588589 (S.D. Tex. Sept. 28, 2022).

As the defendants point out, (Docket Entry No. 35 at 7), in the present posture, the court is not limited to considering Galveston's complaint under the framework of a motion made under Rule 12(b)(6); the court may look beyond the complaint when considering whether joinder is proper.  "[W]here a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'"  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

The defendants argue that G2 employees were not present when Galveston fell, contradicting the complaint allegations; Galveston points to documentary evidence that she believes refutes this argument.  (*See* Docket Entry No. 35 at 9 ("No G2 employee was present at the time of the incident, which would likely eliminate any claim Plaintiff might have against G2."); Docket Entry No. 37 at 2–4 (pointing to documents suggesting that G2 had not yet completed its service to Galveston when she fell); Docket Entry No. 38 at 1–2 (contesting Galveston's interpretation of the same documents)).  The defendants ask the court to "pierce the pleadings and conduct a summary inquiry in order to 'identify the presence of discrete and undisputed facts that

6

would preclude plaintiff's recovery' against the non-diverse defendant, G2." (Docket Entry No. 35 at 9 (quoting *Mumfrey*, 719 F. 3d at 401)).  The defendants ask the court not to decide the motion to remand until they have had the opportunity to depose Galveston.  (*Id.*).  The defendants state that Galveston's deposition was schedule to occur on April 27, 2023.  (*Id.*).

The court agrees that Galveston's testimony may clarify whether she has a reasonable basis to recover against G2.  Galveston may testify that G2 employees had completed their task and entrusted her to the sole care of Delta's employees before the fall.  This testimony may demonstrate that Galveston cannot recover against G2 and that G2's joinder is therefore improper.  Or not.

## II.    Conclusion

The motion to remand, (Docket Entry No. 32) is denied, without prejudice.  The court assumes that Galveston was deposed on April 27, 2023.  She must file any amended or supplemented motion to remand by **May 19, 2023**.

SIGNED on May 4, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

7